GLOVER v. CHARLESTON AND SAVANNAH RY. CO.

1. RAILROADS—DAMAGES.—A verdict against a railroad company for punitive damages for recklessly running an engine and cars against a passenger coach, from which passengers are alighting at invitation of conductor, so violently as to throw a passenger against the rails of the steps and permanently injure her, will be sustained.

2. DAMAGES—PLEADING—HARMLESS ERROR.—The rule announced in *Spellman* v. *R. R.,* 35 S. C., 486, has been modified by act, 22 Stat., 693; so that now it is not necessary to allege punitive and actual damages in separate counts. But here appellant cannot complain that trial Judge limited jury to punitive damages, because it is not injured thereby.

Before TOWNSEND, J., Colleton, September, 1899. Affirmed.

Action by Catherine C. P. Glover against Charleston and Savannah Ry. Co.   Defendant appeals.

*Messrs. Mordecai & Gadsden,* for appellant, cite: *As to what evidence will support punitive damages:* 34 S. C., 324; 35 S. C., 486.

*Messrs. John D. Edwards* and *W. B. Gruber,* contra.  The latter cites : *Appellant cannot complain of charge, because it is too favorable to it:* 50 S. C., 52.   *This Court cannot consider an appeal from an order refusing a new trial:* 53 S. C., 210; 25 S. C., 174.   *As to what testimony will support vindictive damages:* 52 S. C., 323; 29 S. C., 388; 33 S. C., 427; 35 S. C., 488, 504.

April 5, 1900.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   The first paragraph of the complaint merely sets out the incorporation of the defendant, and that at the time hereinafter set up, it was acting as a common carrier of passengers for hire, &c.   "2d. That on the 10th day of September, 1897, the defendant received the plaintiff into one of its passenger cars drawn by a steam locomotive engine, for the purpose of conveying her therein and upon said railroad as a passenger from Yemassee to Green Pond, both being on said railroad, for reward paid to the defendant by the plaintiff.   3d. That while she was such passenger on said railroad, near the station house and passenger platform at Green Pond, aforesaid, and while she was in the act of embarking from said passenger car, on the invitation and by the instruction of the conductor in charge of said train, the defendant, its agents and servants, so negligently, carelessly and recklessly conducted itself in that behalf, that the locomotive engine which had been attached to said train, and which had then been detached therefrom, was carelessly, negligently and recklessly and with great force, and without notice to the plaintiff, caused to be run back and come in contact with said passenger coach, throwing the said plain-

tiff with great force and violence against said passenger car, whereby she was greatly bruised and injured, her hip and back being thereby permanently injured. 4th. That by reason of her injuries, the injuries to her hip and back being permanent in their nature, the plaintiff was made sick, and remained and is still sick, and suffered and will continue to suffer great bodily pain and mental anguish in consequence of such bodily injuries, and has expended and will be forced to expend large sums of money for medical attention and other like services in treating her injuries, and has been and still is unable to attend to her business and properly perform her household and other domestic duties, to her damage $10,000."

The answer admitted the first paragraph of the complaint but denied the remaining articles. The cause came on for trial before his Honor, Judge Townsend, and a jury, fall, 1899, term of the Court of Common Pleas for Colleton County, S. C. Verdict was for the plaintiff.

After judgment, defendant appeals on the following grounds: "*First.* Because his Honor erred in charging the jury: 'They have said further, that if the complaint is for punitive damages, none other should be given; if it is for actual damages, none other should be given, as I illustrated in the case of the box of shoes.' *Second.* Because his Honor erred in charging the jury as the law applicable to this case, the following extract from the case of Spellman against Railroad, 35 South Carolina, page 486: 'We observe that the presiding Judge in charging the jury speaks of the necessity of the jury only giving actual damages, if they take one view of the case, and if they adopt another view of the same case, the jury must give exemplary damages. According to our view of the law, this is all wrong; for where a cause of action set up in the complaint is for exemplary damages, such exemplary damages and none other should be awarded; if the plaintiff fails by his proofs to establish such damages, the verdict should be for the defendant. Where the cause of action set up in the complaint is for actual damages, the

plaintiff is entitled to recover nothing but actual damages; a different view would defeat the very object of pleadings.' *Third.* Because his Honor erred in charging the jury as follows: 'I did have an idea that maliciousness should be alleged; but under this authority, I see recklessness is there, and that makes it a complaint for punitive, vindictive or exemplary damages, and the Supreme Court says under the complaint for exemplary damages none other than exemplary damages should be given.' *Fourth.* Because his Honor should have charged the jury that under this complaint, if they found for the plaintiff, they could award her either actual damages, punitive damages, or both. *Fifth.* That his Honor, in excluding from the consideration of the jury the actual damages of the plaintiff, and instructing them that they could only award punitive damages, deprived defendant of the right to have the jury, in their discretion, award to the plaintiff only her actual damages. *Sixth.* Because his Honor erred in charging the jury as follows: 'Was she injured? If you find that she was not injured, that is the end of it. If you find that she was injured, then under what circumstances? We are all bound to exercise due care. If we are not using due care and prudence, the care and prudence which a prudent man would use under the same circumstances. In that illustration about the box of shoes, if I was pursuing a lawful occupation when I destroyed the shoes, and was using care and prudence of an ordinary man, I would not be liable; but if I did not use due care, I would be liable. If you find the plaintiff was injured by the defendant, then under what circumstances? Was the defendant acting with the care which a prudent man would act under the same circumstances? That is, doing the same things? Then inquire if the acts of the defendant was the immediate cause of the injury.' Whereas, his Honor should have charged the jury that punitive damages are not allowed for ordinary negligence; but that in order to recover punitive damages, the plaintiff must show by the testimony that the act complained of on the part of the defendant was charac-

terized by wilfulness, malice, fraud, wantonness, reckless-
ness, oppression or gross negligence.   *Seventh.*  Because his
Honor erred in refusing to grant a new trial herein on the
ground that there was entire absence of any testimony tend-
ing to support a cause of action for punitive, vindictive or
exemplary damages."

We will examine the seventh ground of appeal first, as by
doing so a brief review of the facts of the case will be neces-
sary, thus giving an idea of what the plaintiff's cause of ac-
tion consists as made to appear from the testimony.   The
plaintiff, Mrs. Catherine C. P. Glover, was a widow, residing
at Walterboro, S. C., with a family consisting of two sons
and a daughter.   Before the 10th day of September, 1897,
Mrs. Glover was able to perform all her duties as
housekeeper, to manage a farm that she owned at
some eight miles distance from her home at Walter-
boro, which farm she rented out, but on her farm she raised
cattle, hogs, sheep and goats profitably.·  In addition to this,
she supplemented her income by taking in sewing.   Thus,
though deprived of the aid of her husband, who had died
some four years before that date, by her industry and thrift
she was able to maintain her fatherless children in comfort,
pay her taxes, and even by degrees pay off some debts.   No
one appears to contradict the testimony offered in her behalf
on all these matters.   But on the 10th day of September,
1897, the life of Mrs. Glover was changed—so changed that
never on this earth is it likely that her health will be fully
restored.   It is now so that she has had to sell off her stock
of cattle, hogs, sheep and goats, because she was no longer
able to take care of them; she cannot overlook her farm; she
can no longer sew for herself or for others, and she cannot
superintend her household affairs.   If she undertakes to
perform any of these acts, she is filled with bodily pain and
must keep her bed.   All these results followed from what
occurred while she was a passenger on defendant's train, and
while in their care and under their direction.   It seems that
when defendant's train, on the 10th September, 1897,

reached Green Pond, a station at which a change of cars had to be made in order to go on to Walterboro, that the passenger car was not carried up to the station house, but was left at a distance of from 50 to 100 yards from the station, and the conductor, Mr. Hugunin, directed the passengers to alight from the said defendant's passenger coach. The conductor and several of the passengers had already alighted, but while Mrs. Catherine C. P. Glover was on the steps of the passenger car, and while the conductor stood ready to assist her to alight, an engine with several cars was suddenly, without any notice, with great violence and recklessly, thrust against said passenger coach, and as the result thereof, the plaintiff, Mrs. Glover, was thrown with great violence against the irons on said steps, thereby working serious damages to her hip joint and side, by bruising the same and so injuring the same that she is now in the condition just above described. The Circuit Judge construed her complaint to be an action to recover exemplary or vindictive damages for the negligence and wanton recklessness of the defendant railway. Now, after the jury had heard the testimony on both sides, they found a verdict for $5,500, in favor of the plaintiff. If there was any material, competent testimony bearing upon this issue of vindictive damages, the Circuit Court should not have granted a new trial, but the responsibility is that of the Circuit Judge, and we cannot interfere only in case there was no testimony on this issue. We might as well state the fact explicitly, so as not to be misunderstood by the defendant or any other railroad, that in case any railroad who has passengers in one of their passenger coaches, and who on alighting therefrom at the command of the conductor in charge of such train, shall allow an engine and cars under the charge of one of their servants, without any warning to the passengers, and while one of the passengers is on the steps of said passenger car, recklessly and wantonly to be thrown against said passenger car with such violence as to throw such passenger, on the steps of such passenger car, against the irons of the passenger car, thereby permanently

injuring such passenger in the manner we have hereinbefore described, we will not hesitate to denounce such an outrage as being a case where vindictive damages will be supported. This exception is overruled.

We think the first three exceptions should be considered together. There is no doubt but that the act of the General Assembly of this State, entitled "An act to regulate the practice in the Courts of this State in actions *ex delicto* for damages," 22 Stat. at Large, 693, has altered the practice in this State in actions *ex delicto* for damages, and that since this act, so much of the case of *Spellman* v. *Railroad,* 35 S. C., as indicated that the pleadings in our Courts in damage suits should point out whether punitive or actual damages were sought, and that the recovery in such suits should correspond to the issue thus raised, is no longer authority in this State. Therefore, when the Circuit Judge followed the Spellman case in his charge to the jury, he was in error, but it occurs to us that this was harmless error, so far as the appellant is concerned. If Mrs. Glover had complained of this charge of the Judge, she would have prevailed, because it is very sure that her recovery was lessened by the jury not adding her actual damages to the vindictive damages, thus increasing their verdict. We take a little different view, or rather we suggest that a little different view of the testimony offered by the plaintiff, which the appellant insists points out the actual damages she suffered, may be taken; for may it not be said that the doctor's bill and injury to her income, to both of which the testimony was offered, was intended to show how the injury wrought by the railroad affected the plaintiff, thereby proving to the jury that the recklessness and wantonness of the railroad in the conduct of its business *were active?* These exceptions must be overruled.

So far as the sixth ground of appeal is concerned, we may remark that we see very little ground for a criticism of the Judge's charge as here pointed out, *as the same affects the appellant.* It seems to refer to actual damages; but as we

have already seen, the Circuit Judge positively instructed the jury that their verdict must be confined to vindictive damages and that the jury were not to consider actual damages. This exception is overruled. We should have remarked that the Circuit Judge had already in his charge referred to vindictive damages as resulting from the reckless negligence, wanton negligence, of the railroad. So that it was not to be expected that any injury could be said to follow to the appellant. The grounds of appeal are all overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.