HIERS v. ATLANTIC COAST LINE R. R. CO.

1. CONTINUANCE.—It is not an abuse of discretion to order a case to trial, where two witnesses are sick, where case had been continued at last term at instance of same party, where case was continued for a week at present term to permit party to get his witnesses, where there was no showing as to probable length of their illness, and where substance of evidence expected of the witnesses was submitted to the jury.

2. WANTONNESS.—That an engineer suddenly and violently backed his train without warning at a place where passengers might be expected to get off, is some evidence of wantonness.

3. GUARDIAN AD LITEM.—A MARRIED WOMAN, WHO IS A MINOR, cannot maintain an action for personal injuries by joining her husband with her as co-plaintiff, but must sue by guardian *ad litem.*

Before W. A. HOLMAN, special Judge, Colleton, January, 1906.   Reversed.

Action by Martha C. and C. F. Hiers against Atlantic Coast Line Railroad Co.   From judgment for plaintiffs, defendant appeals.

*Messrs. Mordecai & Gadsden,* for appellant, cite: *A minor married woman can only sue by guardian ad litem:* Code of Proc., 135; 6 How. Pr. R., 233.

*Messrs. W. S. Smith* and *W. B. deLoach,* contra, cite: *Continuances are within discretion of Circuit Judge:* 68 S. C., 296; 2 Bay, 440; 2 Bail., 576; 1 Bail., 544; 4 Strob., 62; 11 Rich., 153; 33 S. C., 106; 65 S. C., 496; 66 S. C., 404. *As to punitive damages:* 71 S. C., 106; 57 S. C., 228; 60 S. C., 49.   *Guardian ad litem for minor wife not necessary:* Code of Proc., sec. 135, sub. 2; Bing. on Inf., 123; 6 How. Pr. R., 234; 4 Ibid., 93; 60 S. C., 49.

October 19, 1906.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   Martha C. Hiers, joining her husband with her as co-plaintiff, alleged in her complaint that while she was on the platform of defendant's car from which

as a passenger she was about to alight, the engineer suddenly and without warning backed the train so violently that she was thrown between the cars and on the bumper, and seriously injured. The defense was a general denial; and that the plaintiff being an infant could not maintain the action without the appointment of a guardian *ad litem*. The plaintiff recovered judgment and the defendant appeals. The appeal raises three questions: Was it abuse of discretion for the Circuit Judge to refuse defendant's motion for continuance? Was it error to refuse defendant's request to charge there was no evidence to sustain a verdict for punitive damages? Could the plaintiff, who was a minor, maintain this action without a guardian *ad litem?*

Motions for continuance are addressed to the discretion of the presiding Judge, and in this case there was no abuse of discretion. The cause had been continued at a former term on defendant's motion, and at this term, when on the first call of the case a continuance was asked on the ground of the sickness of the conductor who was in charge of the train on which plaintiff was a passenger at the time of the alleged injury, and of the physician who, according to the plaintiff's testimony, attended her in the illness which resulted from the fall, the trial was postponed for a week to allow the defendant to secure the presence of these witnesses. When the case was again called and the motion to continue renewed, defendant's counsel had before the Court the substance of the testimony expected from these witnesses, and it was allowed to go to the jury as the evidence they would give if present. The conductor's statement was that no such accident as the plaintiff described occurred on his train, and it was a complete denial of her entire testimony as to the accident. The physician's statement was that he did not attend the plaintiff for injuries on account of the alleged accident, as she testified he did. While the defense might have been strengthened by the presence of these witnesses, yet the probable duration of the illness of the witnesses did not appear, and the defendant

had the benefit of their flat contradiction of the testimony of the plaintiff. In these circumstances it was not an abuse of discretion to refuse a continuance.

There was some evidence of wantonness on the part of the engineer in suddenly and violently backing the train without warning at the place where passengers might be expected to alight from the car, and there was no error in refusing a new trial for lack of such evidence. *Glover* v. *Railway Co.,* 57 S. C., 228, 35 S. E., 510; *Appleby* v. *Railway Co.,* 60 S. C., 49, 38 S. E., 237.

The interesting question is, whether a married woman who is also a minor may prosecute an action in which her husband is properly joined with her as co-plaintiff without a guardian *ad litem.* Section 135 of Code of Procedure provides: "When a married woman is a party, her husband must be joined with her, except that: (1) When the action concerns her separate property she may sue or be sued alone: *Provided,* That neither her husband nor his property shall be liable for any recovery against her in any such suit; but judgment may be enforced by execution against her sole and separate estate in the same manner as if she were sole. (2) When the action is between herself and her husband she may sue or be sued alone; *and in no case need she prosecute or defend by guardian or next friend."*

The clause which we have italicized clearly relates to the disability of coverture and not that of infancy; the meaning being that no guardian or next friend shall be necessary on account of coverture. This section, therefore, affords no support for the position that a guardian *ad litem* is not necessary on account of the disability of infancy, because the additional disability of coverture also exists. The section enacts nothing as to the disability of infancy and hence does not throw any light on the question under discussion. Authorities are to be found under the old practice at common law and in equity holding the appointment of a guardian *ad litem* unnecessary when the husband was joined with the wife in prosecuting or defending the action. The reasoning was

that the law looked on the husband as guardian or next friend, safeguarding the interest of the wife, and hence the appointment of another person for that purpose was unnecessary. *Cook* v. *Rawdon,* 6 How. Prac. Rep., 233; *Welch* v. *Bunce,* 83 Ind., 382; *Foxwist* v. *Tremaine,* 2 Saund., 213; 14 Ency. P. & P., 1013.

But as said in the important case of *Cook* v. *Rawdon, supra,* "there is some confusion in the cases," and there is high authority even under the old practice for the view that a married woman who is also a minor can only prosecute or defend an action by a guardian *ad litem* appointed by the Court, though the husband be joined with her in the action. 2 Daniels Ch. Practice, 904; *Alexander* v. *Davis,* 26 S. E., 292 (W. Va.). This view seems to be the view of the Supreme Court of the United States also in *O'Hara* v. *McConnell,* 93 U. S., 150 (23 L. ed., 840).

These authorities show that aside from any statutory requirement it was at least doubtful whether a married woman, who was also a minor, by joining her husband could prosecute a suit without a guardian *ad litem.* But we think all doubt has been removed in this State by section 136 of Code of Civil Procedure, which provides: "When an infant is a party, he must appear by guardian who may be appointed by the Court in which the action is prosecuted, etc." The statute makes no exception as to infants who are married, and it would be going too far for the Court to undertake to do so, especially since a married woman's rights of person and property have become so much more independent of her husband.

The reversal of a judgment on a question of procedure is always to be regretted, but in this instance a statute important for the protection of minors is involved and the Court cannot hesitate to enforce it.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.

Mr. Justice Gary *dissents.*