6621

SINGLETON v. PROGRESSIVE BENEFIT ASSOCIATION.

INSURANCE—MUTUAL BENEFIT SOCIETIES.—Section 6 printed on the certificate of the defendant, Mutual Benefit Association, is not clear, but construed to mean that a member who is four weeks in arrears in dues forfeits his certificate, but such forfeiture may be waived by the association by accepting dues thereafter, which was done in this case.

Before Purdy, J., Charleston, November, 1906.   Affirmed.

Action by Ella Singleton against Progressive Benefit Association, in court of Magistrate D. J. Baker. From Circuit order affirming judgment of magistrate, defendant appeals.

*Mr. John A. Gilliard* and *John E. Edwards,* for appellant. The latter cites: *Question made in magistrate court but not ruled on may be made basis of an exception:* Code of Proc., 1902, 368; 81 Sub., 6; Code of 1902, 1011-2; 27 S. C., 156. *Acceptance of premiums is not waiver of forfeiture:* 81 N. Y., 419; 28 Ency., 529.  *As to the construction of the certificate:* 10 N. Y. Supp., 503; 16 Ency., 88; 19 Fed., 201.

*Messrs. Nathans & Sinkler,* contra.   Oral argument.

August 9, 1907.   The opinion of the Court was delivered by

Mr. Chief Justice Pope.   This action was brought in the court of D. J. Baker, judicial magistrate for Charleston County, by the plaintiff, Ella Singleton, against the defendant association, to recover a benefit of forty dollars alleged to be due her on a certificate issued to her husband, Jeremiah Singleton, on the 12th day of September, 1904.   The complaint alleged Jeremiah's death and the fulfillment of all the conditions of the certificate.   In order to relieve itself from liability under paragraph six of the conditions printed on the certificate, defendant introduced plaintiff's receipt book in evidence, which showed that from April 21st to May 26th, prior to Jeremiah's death on June the 3d, 1906, no payment had been made on dues.   Plaintiff alleged waiver of the forfeiture by the association in receiving pay for four weeks on the 26th of May.   The defendant then took the position that under the section above referred to,

it was optional with the association either to declare a
forfeiture or to allow the delinquent member to make up
arrears on condition, that in case of death within thirty
days, no benefit should be recovered. The magistrate
found for the plaintiff the full amount claimed and on
appeal to the Circuit Court, Judge R. O. Purdy, in a decree
of November the 17th, 1906, affirmed the finding. The
defendant now appeals to this Court alleging error on the
part of the Circuit Court in holding that the forfeiture had
been waived.

Section six relied on by the appellant is as follows: "Per-
sons failing to pay their dues for four weeks will become
non-financial in case of death, and those failing to pay their
dues for three weeks will become non-financial in case of
sickness, and not entitled to any benefit for thirty days after
such dues shall have been paid. When any person shall be
four weeks in arrears all claims on the association shall be
forfeited, and the certificate thereon null and void. But
such persons may be reinstated, after having been expelled
for non-payment of dues or assessments for a period of four
weeks, by paying the regular initiation fee, and presenting
a doctor's certificate in addition thereto. A person present-
ing such a doctor's certificate shall be reinstated at the next
regular meeting of the association."

After most scrupulous care, we are unable to arrive at
any legitimate conclusion which will give meaning to all of
the clauses of this condition. If an attempt is made to con-
strue it, as appellant wishes, we are met at the very threshold
by the idea that it is clearly against the intention of the
framers of the condition. In the first place, the two
divisions of the section are diametrically opposed to each
other. Hence it is hard to conceive that if it had been the
intention that the association should have the optional power
which it now claims, why some word implying such power
would not have been used. It would have been the easiest
thing, and certainly it is the most probable, that if such had

been the intention, some disjunctive word, such as "or" or its equivalent, would have been used. So far from the use of such a word, however, the language is not so arranged, nor are we able to discern any attempt at an arrangement, which would imply inadvertent omission of such a connective. Were such the case, in order to carry out the intention, the needed word could be supplied and the section construed so as to give the association the power it claims. It seems, however, that it did not once occur to the drawers of the condition under consideration to allow members who had been delinquent for four weeks to pay up their dues and be reinstated only upon condition that, should death occur within thirty days thereafter, no benefit should be received. When the section is considered as a whole, there is strong reason to believe that the thirty days' clause applies only to cases of sickness, where there had been a failure to pay dues for three weeks. It will be noticed that, immediately after that provision, the section proceeds to declare the penalty for four weeks' neglect. Of course, if we had to be guided by a strict grammatical construction, it would be hard to demonstrate that the suspending clause in the first sentence did not apply to both of the clauses immediately preceding it, but in cases such as this, intention is the needle pointing out our course, and if it is followed correctly we cannot go astray. When, therefore, it is declared in such unconditional language that forfeiture shall result from a failure to pay dues for four weeks, and the manner of reinstatement is so clearly and unequivocally prescribed, we cannot but think that that was the idea uppermost in the minds of the framers of the condition.

This conclusion is sustained by the fact that in most associations of like character, where a forfeiture for non-payment of dues is declared a somewhat analogous mode of reinstatement is prescribed. Hence we hold, that, in the absence of waiver, plaintiff's certificate was forfeited.

That the company did waive the forfeiture here, as it had a perfect right to do, seems evident. Just a short time

before plaintiff's husband's death, and after six weeks had elapsed since her last payment of dues, she was approached by the authorized agent of the association, who received her dues and receipted her book for them. Therefore, at the death of her husband, she was a member in good standing in the association and entitled to the benefit named in her certificate.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.