8709

CITY OF SUMTER v. HOGAN.

Recorder's Court—Witnesses.—A request of a city recorder by attorney for defendant that the testimony be taken in writing, does not absolve the attorney from the duty of noticing during the trial that his request is complied with and that the testimony is signed by the witnesses.

Before GAGE, J., Sumter.    Reversed.

Indictment by the City of Sumter against Joe Hogan, in recorder's court. Defendant appeals from Circuit order reversing recorder.

*Mr. J. H. Clifton,* for appellant, cites: 64 S. C. 372; 80 S. C. 92; 93 S. C. 371.

*Mr. H. D. Moise,* contra.

January 5, 1914.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.    The record contains the following statement of facts: "The above named defendant, Joe Hogan, was indicted in the recorder's court of the city of Sumter on thirty-six warrants, all of which charged that the defendant sold whiskey at a certain time to a certain party, and that he at the same time and place stored and kept in his possession alcoholic liquors and beverages, in violation of an ordinance of said city, except in one warrant, in which he

was charged only with storing alcoholic liquors, and upon this warrant he pleaded guilty. He was tried before the recorder and jury upon three warrants, containing the counts as above set forth, and he was convicted upon all three warrants, and sentenced. Thereafter counsel for the defendant and counsel for the city of Sumter, made an agreement that the defendant should plead guilty upon the remaining thirty-two warrants, and that the appeal in the three cases upon which he had been tried, should determine the pleas of guilty in the thirty-two warrants upon which he had not been tried, but upon which he plead guilty, and this agreement will be found set out in the case. The defendant appealed and the appeal was heard by his Honor, Judge G. W. Gage, upon the whole record as made in the recorder's court, the return of the recorder, and affidavit made by the recorder, Mr. R. Dozier Lee."

The following is the agreement herein mentioned: "The above named defendant having heretofore been tried in the recorder's court for said city and found guilty in three cases, upon three counts in each case, and having been duly sentenced, counsel for the city hereby agrees with counsel for the defendant, that the said defendant shall plead guilty in the remaining charges against him, in the form of the above charges; that is to say, each warrant containing three counts, and that if the defendant succeeds in reversing by final judgment all three of the judgments heretofore pronounced against him, that the pleas of guilty may thereupon be withdrawn and the defendant put upon trial upon all cases.

"Counsel for the defendant hereby withdraws all questions as to the drawing and empaneling of the juries in the cases heretofore tried, and also withdraws all objections to the admissibility or relevancy of testimony in the said cases, and also withdraws any objection as to any amendment of the warrants in the above cases, made before or during the trial of the same."

The following statement appears in the return made by the recorder:

"The defendant's attorney notified the court, that he would require the testimony offered during these trials, to be reduced to writing. The testimony offered by the city was, therefore, taken by the recorder, in writing, at the time same was given, and is hereto attached. The said testimony so taken by me as same was given, was subsequently signed by the said witnesses in my presence, although they did not sign immediately after offering the same, but did so within about forty-eight hours. The testimony so signed by said witnesses and hereto attached, is the testimony as taken by me during the progress of the trial. The fact that the witnesses did not sign the same immediately after giving their testimony, was an oversight on the part of the recorder. The defendant offered no testimony."

The recorder also made the following affidavit:

"That a few days after the trials of the three cases of the City of Sumter against Joe Hogan, charging him with selling and storing and having in his possession alcoholic liquors and beverages, Mr. J. H. Clifton and Mr. H. D. Moise, counsel for the city and the defendant, respectively, were in the office of this deponent discussing the aforesaid cases. That Mr. Moise stated, in regard to his exception relating to the failure of said deponent as recorder, to have the witnesses sign their testimony immediately after giving the same, that he knew the same was an oversight on the part of this deponent, but that it was none of his business, as he had specifically stated, that he agreed to nothing and waived nothing, and that, therefore, he did not call same to the attention of the court. * * *"

His Honor, Judge Gage, overruled all the exceptions except the sixth, which was as follows:

"That the recorder erred in not taking down, in writing, the evidence of the witnesses, and in not having the wit-

nesses sign the same, under the notice that the defendant refused to waive such right given in said case before the testimony was taken."

The city of Sumter appealed from the order of his Honor, the Circuit Judge, in sustaining the said exception.

The question to be determined is, whether the defendant's attorney, although he notified the recorder that he would require the testimony of the witnesses to be reduced to writing, nevertheless waived the right to insist upon such requirement, when he knew during the trial, that the failure to comply with said requirement, was an oversight on the part of the court.

The requirement that the testimony should be reduced to writing, and signed by the witnesses during the trial, related to the procedure, and the failure to comply with it, was a mere irregularity which could be waived. *City of Abbeville* v. *Gooseby,* 93 S. C. 370; 76 S. E. 977.

It was the duty of the defendant's attorney, to call the court's attention to such irregularity as soon as he discovered it, otherwise it would be deemed to have been waived. *State* v. *Norton,* 69 S. C. 454; 48 S. E. 280.

The fact that the defendant's attorney gave notice, that he would require the testimony to be reduced to writing, did not absolve him from his duty to make such oversight known, as soon as discovered, if he intended to rely upon the objection, that there was a failure to comply with said requirements, as a ground of appeal. Furthermore, his request that the testimony should be reduced to writing was complied with. The reason of the rule is thus stated in the case of *Lee* v. *McLeod,* 15 Nev. 163: "A party ought not to be permitted to take the chances of a verdict in his favor, and wait until after the verdict is rendered against him, before making any objection. If, with a full knowledge of all the facts, he proceeds with the trial and takes the chances,

20—96

he ought, in justice and fair dealing, to submit to the consequences."

Reversed.

MR. JUSTICE WATTS *concurs in the result by reason of the agreement entered into by counsel set out in the opinion of the Chief Justice.*