10662.

DENNY v. DOE.

(108 S. E. 95)

1. TRIAL—PERMITTING VIEW OF DAMAGED AUTOMOBILE IN REBUTTAL IS WITHIN COURT'S DISCRETION.—The manner in which the trial shall be conducted is necessarily left in large measure to the discretion of the presiding Judge, and his ruling in permitting the jury to view the damaged automobile after the close of defendant's evidence will not be reviewed on exception that it was properly evidence in chief and not in rebuttal, unless an abuse of his discretion appears.

Appeal and Error—Exception to Charge as Indicating Owner
of Automobile, and Not Car, Was Liable, not Sustained, Where
no Personal Judgment Was Sought.—In an action to recover
damages inflicted by an automobile, an exception that a portion of
the charge was misleading as indicating that the owner of the auto-
mobile, and not the car, was liable, will not be sustained where no
personal judgment against the owner was sought.

3. Trial—Exception That Charge Automobiles Were Meeting Was
on Facts Not Sustained Where Appellant Argued They Were
Meeting.—An exception that a statement in the charge that the
automobiles involved in the accident were meeting was a charge on
the facts contrary to Const. Art. 5, § 26, will not be sustained where
appellant himself argued that they were meeting.

4. Highways—Automobile Causing Damage is Liable Under Statute
Though it Was Being Used Without Owner's Consent.—The
fact that an automobile had been taken without the owner's consent
or knowledge, by his chauffeur for the trip on which it inflicted inju-
ries on plaintiff's car, does not prevent holding the automobile
liable under the statute for the damages inflicted by it.

5. Highways—Statute Imposing Liability on Automobile Causing
Damage While Being Used Without Owner's Consent is Con-
stitutional.—The statute making an automobile liable for damages
inflicted thereby is constitutional even when making the automobile
liable while being used without the owner's knowledge or consent.

6. New Trial—Improper Remarks as to Wealth of Automobile
Owner do not Require New Trial Where no Personal Judg-
ment Was Sought.—It was not error for the trial Court to refuse
to grant a new trial for improper remarks by plaintiff's attorney
concerning the wealth of the claimant of the automobile which
caused the damage, where no personal judgment against the claim-
ant was sought.

7. Appeal and Error—Exception to Charge on Statute Instead
of Suggested Charge Not Sustained Where Suggested Charge Was
Not Requested.—An exception to a portion of the charge in an
action for damages caused by an automobile collision, alleging
error in charging the jury (Civ. Code 1912, § 2157), when he should
have charged that the automobile should be run on the safest side
of the road under the conditions, will be overruled where no re_
quest was presented embodying the proposition contended for in
the exception.

Before Whaley, J., County Court, Richland, December,
1920. Appeal dismissed.

Action by L. A. Denny against John Doe and one Studebaker automobile, claimed by George Morgan. From judgment for plaintiff the defendant appeals.

*Messrs. C. T. Graydon* and *Cole L. Blease,* for appellant, cite: *Plaintiff should have put injured automobile in evidence in chief and defendant should have had opportunity to reply:* 110 S. C. 116. *Charge as to law of the road was on the facts, and erroneous statement of the law:* 115 S. C. 547; 106 S. E. 682.

*Mesrs Cooper & Winter,* for respondent, cite: *Defendant had no right to reply to testimony as to condition of car, not having admitted the allegations, and set up an affirmative defense:* Rule 59 Circuit Court; 68 S. C. 470. *Made no difference whether owner of car consented to another driving it:* 106 S. C. 362; 91 S. E. 332. *Act presumed constitutional until the contrary is made to appear:* 89 S. E. 1028; 90 S. E. 321. *Rule of the road where two machines are meeting:* 94 S. E. 869.

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The record contains this statement:

"This action was commenced by L. A. Denny against a certain Studebaker automobile and John Doe, the name of the owner being unknown. It was an action for damages done to the automobile of said L. A. Denny. The action was begun by the service of summons and complaint, in which action the said automobile was duly attached, and was replevied by the defendant by delivery of a bond in the sum of $1,600."

The allegations of the complaint are as follows:

"(1) That plaintiff is a resident of the county and State aforesaid, and is the owner of one Hanson automobile, and that the defendant John Doe is a non-resident of the

State of South Carolina, and lives and resides in one of the other States of the United States, upon information and belief, in the State of Florida.

"(2) That on or about the 28th day of August, 1920, one L. D. Bethel was driving the automobile of this plaintiff above described upon and along a public highway of Richland County, S. C., to-wit, the Garner's Ferry road, and, while so operating the said automobile in a careful, prudent, and lawful manner, the defendant above named, his agents and servants driving and operating the said Studebaker automobile, bearing a Florida State license No. 495, above described, ran and smashed into the automobile of this plaintiff, and thereby broke, wrecked, and damaged the same, breaking the body, wheels, and other parts of the same.

"(3) That the injuries and damages to plaintiff's automobile were caused and occasioned on account and in consequence of the carelessness, recklessness, willfulness, and wantonness of the defendant, his agents and servants above named, in the driving and operation of the said Studebaker automobile, in that he operated and was driving the same at a high and excessive rate of speed and without keeping a proper watch and lookout for persons traveling this public highway, and in that he was operating and driving the said automobile in a willful, careless, and unlawful manner and in violation of the statute laws of South Carolina, and operating and driving the same upon the wrong side of the public highway, all to the injury and damage of this plaintiff in the sum of $3,000."

The defendant George Morgan answered the complaint, denying the material allegations thereof, and for a first defense said:

"That the said car is the property of one George Morgan, and was on the night in question being run without the knowledge or consent of the said George Morgan by the chauffeur, and the said action of the chauffeur in so run-

ning the automobile was without the scope of his authority, and without the consent of the owner thereof, and that said George Morgan is not responsible for said accident in any way."

He also pleaded contributory negligence and contributory willfulness, and set up a counterclaim for $500. The plaintiff made reply to the counterclaim.

The jury rendered a verdict in favor of the plaintiff for $600 actual damages, and the defendant appealed upon the following exceptions:

"(1) That the county Judge erred in allowing the jury after the close of the defendant's case to leave the Court room and view the automobile of plaintiff, it being respectfully submitted:

"(a) That such evidence was evidence in chief, and not in reply.

"(b) That counsel for the defense had no method of replying to such evidence at said time.

"(c) That looking at an automobile which had been damaged for several months was highly prejudicial to the defendant's case.

"(2) That his Honor the county Judge erred in charging the jury as follows: 'I mean negligence and carelessness on the part of the defendant, Mr. Morgan, through his agent, on account of the negligence or carelessness in which the car owned by Mr. Morgan was handled, and that the damage amounted to $3,000'—it being respectfully submitted that said charge was not in response to the issues made in said case, and was highly prejudicial to the defendant, in that it led the jury to believe that Mr. Morgan was responsible instead of the car.

"(3) That his Honor the county Judge erred in charging the jury as follows: 'Our Supreme Court held that that applied where two automobiles were meeting one an-

other, not where they were following one another. So this is a case where they were meeting each other and so applies' —it being respectfully submitted that said charge was a charge upon facts and in contravention of article 5, § 26, of the Constitution.

"(4) That his Honor the county Judge erred as a matter of law in refusing a new trial on the ground that under the admittted facts in the case the said automobile was taken without the knowledge or the consent of the owner and in violation of the law, and that no liability could attach thereto.

"(5) That his Honor the county Judge erred in refusing to grant a new trial on the ground that said act was unconstitutional in so far as the same attempted to apply to an automobile which was being operated in violation of the State law and without the knowledge or consent of the owner.

"(6) That his Honor the county Judge erred in refusing to grant a new trial on the ground that the remarks of the counsel with reference to the wealth of Mr. Morgan were improper for the reason that the said case was not against Mr. Morgan, but against one Studebaker automobile.

"(7) That his Honor erred in charging the jury section 2157 when he should have charged that a man should run his automobile on the side of the road which is safest under the conditions of a given case."

The exceptions will be considered in regular order:

First exception: The manner in which the trial shall be conducted must necessarily be left in large measure to the discretion of the presiding Judge; and his ruling is not subject to appeal, unless his discretion has been erroneously exercised, which has not been made to appear in this case.

Second exception: A sufficient reason why this exception cannot be sustained is that no personal judgment is sought against the defendant George Morgan.

Third exception: This exception cannot be sustained for the reason that it is stated in the argument of the appellant's attorneys that the two cars were meeting each other.

Fourth exception: This exception is disposed of by the following cases, which show that it cannot be sustained: *Bank v. Brigman,* 106 S. C. 362, 91 S. E. 332, L. R. A. 1917E, 925; *In re. McFadden,* 112 S. C., 258; 99 S. E., 838; *Tate v. Brazier et al.,* 115 S. C., 337, 105 S. E. 413.

Fifth exception: The authorities which we have just cited show that this exception cannot be sustained.

Sixth exception: This exception must be overruled, for the reason that the plaintiff did not seek to recover a personal judgment against the defendant Morgan.

Seventh exception: This exception must also be overruled, for the reason that the appellant's attorney should have presented a request, embodying the proposition for which they now contend.

Appeal dismissed.