10666.

McALISTER v. THOMAS & HOWARD CO.

(108 S. E. 94.)

1. NEGLIGENCE—INSTRUCTION ON DUTY TO LICENSEE PROPER.—Where defendant's own requested charge conceded that plaintiff was a licensee, it was proper to modify that portion of the charge which stated that defendant's only duty was not to willfully or wantonly injure him, and impose on defendant the duty of reasonable care.

2. DAMAGES—DENIAL OF NONSUIT AS TO PUNITIVE DAMAGES PROPER.— In an action by a customer, who fell into an open elevator shaft in defendant's building, the denial of a nonsuit as to punitive damages was proper; there being evidence of defendant's recklessness.

3. TRIAL—DEFECTS IN FORM OF VERDICT MUST BE PRESENTED AT TIME OF PUBLICATION.—A defect in the form of a verdict must be presented at the time it is published, and failure to do so waives the right to raise that matter later.

Before DeVore, J., Greenville, October, 1920. Affirmed.

Action by R. E. McAlister against Thomas & Howard Co. Judgment for plaintiff and defendant appeals.

*Mr. J. J. McSwain,* for appellant, cites: *Verdict not specifying nature of damages—actual or punitive—should not be allowed to stand:* 19 S. C. 489; 16 S. C. 1.

*Messrs. J. Robt. Martin and H. P. Burbage,* for respondent, cites: *Irregularities in procedure must be called to attention of the Court, otherwise they will be waived:* 97 S. C. 388; 69 S. C. 454; 80 S. E. 897. *Punitive damages:* 91 S. C. 447; 98 S. C. 89; 97 S. C. *Request to charge too argumentative in character and properly refused:* 3 A. L. R. 607. *Whether invitation was given plaintiff to enter store of defendant is for the jury:* 68 S. C. 515. *Charge must be fairly interpreted:* 63 S. C. 379. *Duty to license is ordinary care:* 111 S. C. 361, 362; 93 S. C. 341; 114 S. C. 823; 4 Rich. L. 232; 68 S. C. 521. *Defendant's testimony can be considered in determining whether non-suit should have been granted:* 110 S. C. 565. *Conscious disregard shown here by all the testimony:* 86 S. C. 304. *Waiver of right to directed verdict by not repeating motion at close of all testimony:* 91 S. C. 540. *Defect in verdict waived by silence of defendant on its receipt:* 113 S. C. 153, 154. *No prejudice from failure of jury to separate damages:* 112 S. C. 78; 97 S. C. 387; 10 S. C. 497; 66 S. C. 432; 75 S. C. 230; 76 S. C. 505.

June 30, 1921.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action for damages, alleged to have been sustained by the plaintiff through the wrongful acts of the defendant. The complaint alleges:

"That the defendant is a duly chartered corporation, and is engaged in business as a wholesale merchant; one of its main places of business being the city of Greenville, S. C.

"That on or about the 31st day of March, 1919, plaintiff was standing on the first floor of the building occupied by said Thomas & Howard Company, near the elevator shaft used by the latter in operating an elevator and hauling merchandise and customers and others thereupon. That while thus standing near said elevator shaft, around which was no guard, guard rail, chain, or other protection to prevent people from falling through, plaintiff moved backward to dodge a hand truck passing through the passage occupied by him, and, not knowing of the existence of the open elevator shaft, fell and plunged through and down said shaft a distance of 20 or 30 feet, and struck the hard surface below. That both of plaintiff's legs were broken, his right arm crushed and broken, and the bones of his foot horribly crushed and splintered.

"That plaintiff was standing near the elevator at the special instance and request of the defendant, Thomas & Howard Company, its agents and employees, and was at the times aforesaid on his way to a point near said elevator at the request and suggestion of the defendant, Thomas & Howard Company, its agents and employees, where he was told and invited to go for the purpose of inspecting and purchasing a lot of merchandise," etc.

The defendant denied the allegations of the complaint, and by way of defense alleged:

"That the injuries sustained by the plaintiff were due in the first place to his own carelessness and negligence in stepping into an elevator shaft, which was well lighted and entirely obvious to the most casual glance, and that further and in addition the plaintiff was guilty of contributory negligence, which combined and concurred with the alleged negligence of this defendant as a proximate cause thereof,

in that the plaintiff without taking heed and without availing himself of the abundant light, stepped into the open elevator shaft, thus causing his own injury."

The jury rendered a verdict in favor of the plaintiff against the said defendant for $2,500.

The defendant appealed upon exceptions, the first of which is as follows:

"That the presiding Judge erred in modifying and changing the first request of defendant, Thomas & Howard Company, so as to instruct the jury that said defendant owed to plaintiff the duty to observe ordinary care, even if the plaintiff, without knowledge or consent of the defendant, went to a part of the building to which he had not been invited; whereas, in the circumstances outlined by the request, the only duty that said defendant owed to the plaintiff was not to injure him willfully or wantonly."

The first request was as follows:

"If the jury find that the plaintiff was not invited by any agent of the defendant, Thomas & Howard Company, to go with him from the first floor to the second floor to get the goods proposed to be bought, and if the jury find that the plaintiff without any such invitation, and without the knowledge or consent of any agent of the defendant, did go to a part of the building to which he had not been invited, then the plaintiff would be at most a mere licensee, while at such place to which he had not been invited. The owner of the premises owed no duty to such licensee."

It will be observed that the request was based upon the theory that the plaintiff, under the circumstances therein mentioned, was a licensee. It is therefore unnecessary to cite authorities to show that the request was properly modified.

The second exception is as follows:

"That the presiding Judge erred in refusing the motion of the defendant, Thomas & Howard Company,

for a non-suit as to the alleged cause of action for punitive damages, and erred in refusing the motion of said defendant for a directed verdict in its favor as to the alleged cause of action for punitive damages, and in like manner in refusing a new trial upon said grounds, for the reason that there was no testimony whatever in the case from which it might legally be inferred that there was any recklessness or wantonness in the conduct of the said defendant, and to submit the issue of punitive damages was highly prejudicial to said defendant, and permitted arguments and considerations of damages calculated to mislead the jury."

This exception cannot be sustained, for the reason that there was ample testimony tending to sustain the allegations of recklessness.

The third exception is as follows:

3   That the presiding Judge erred in refusing the motion for a new trial on the ground that verdict was not responsive to the instructions, in that the verdict does not state whether it is for actual damages, or punitive damages, or for how much actual or how much punitive damages, and the jury disregarded the instructions of the Court, and, having so disregarded instructions in one respect, it may be presumed to have disregarded the instructions in other respects, and for that reason the verdict should have been set aside and a new trial should have been granted."

It was the duty of the defendant's attorney to call attention to the form of the verdict, when it was published.   By failing to do so he waived the right to raise the question presented by this exception.   *Rhame v. City of Sumter,* 113 S. C. 151, 101 S. E. 832.

Affirmed.