**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

McKinley Cooper & Company, LLC, Respondent,

v.

J. Todd Highsmith, Shane Highsmith, and Highsmith, LLC, Appellants.

Appellate Case No. 2015-000964

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-328
Heard June 7, 2017 – Filed August 2, 2017

**AFFIRMED**

R. Mills Ariail, Jr., of Greenville, for Appellant.

Knox L. Haynsworth, III, of Brown Massey Evans McLeod & Haynsworth, LLC, of Greenville, for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Dykema v. Carolina Emergency Physicians, P.C.*, 348 S.C. 549, 553, 560 S.E.2d 894, 896 (2002) ("[P]unitive damages generally are not recoverable in the absence of proof of actual damages."); *id*. ("We decline to hold that a party

may allow the jury to be discharged in the face of an obviously defective verdict, which could easily be corrected upon resubmission to the jury, in the hopes of gaining a reversal on appeal."); *id*. at 554, 560 S.E.2d at 896 ("[Our supreme court] has repeatedly held that a party should not be permitted to sit idly by while a verdict erroneous in form is being returned and witness its receipt without objection and later, after the jury has been discharged, claim advantage of the error, thus invited by acquiescence."); *Limehouse v. S. Ry. Co.*, 216 S.C. 424, 430, 58 S.E.2d 685, 688 (1950) ("It is well established that where a verdict is objectionable as to form, the party who desires to complain should call that fact to the [c]ourt's attention when the verdict is published.  Otherwise, the right to do so is waived.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**