Bullard, J.
delivered the opinion of the court.
*61 The heirs of Erwin commenced an action against the heirs of Wright to revive and make executory against them a judgment alleged to have been [95] recovered in 1824 by Erwin against Wright, the ancestors of the respective parties. Pending that suit execution issued on a judgment recovered by the defendants, now known as Bissell and wife, against the heirs of Erwin for $4000 in an action of warranty. See 15 La. Rep. —. Thereupon the plaintiffs obtained an injunction on the allegation that the two judgments, being between the same parties, were both extinguished by compensation. The two suits were cumulated and tried together, and the injunction having been made perpetual, the defendants appealed.
The defence principally relied on, in the court below as well as here, is, that in the case of Bissell and wife v. The heirs of Erwin in warranty, the latter had averred in their plea to the action, that a final settlement had taken place between Erwin and Wright in 1828 of all their money transactions, which resulted in a balance due the former of $14,000, which was claimed in reconvention.
On recurring to the record in the case of Bissell and wife v. The heirs of Erwin, we find the following plea or exceptions: “ And the defendants would further allege and avow that the plaintiffs, in their capacities above mentioned, are justly indebted to the defendants, as heirs, &c., of the late Joseph Erwin in another and further sum of $14,000, in this, to wit: that that the said Joseph Erwin and the said Abram Wright having long and intricate accounts existing between them for several years, did on or about the 25th day of November, 1828, come to a complete and final settlement of all their previously existing accounts and ti'amactions, by which it appeared that the said Abram Wright fell indebted to the said Joseph Erwin in the said sum, and which the said Wright then and there acknowledged to be justly due to the said Erwin.” They conclude by praying judgment against the heirs of Wright for the said sum of $14,000, as well as for other sums.
The court below treated this merely as a plea of res judicata and did [96] not consider it as sustained by the exhibition of the record in the case of Bissell and wife v. The heirs of Erwin. We are of opinion, however, that whether the plea of res judicata ought or ought not to have been sustained, and wh ether the judgment in the case of Bissell and wife v. The heirs of Erwin adjudicated finally upon all accounts between the parties or not, that the plea in which it is averred that a final settlement had taken place in 1828, was an admission which precludes the heirs of Erwin from claiming a balance apparently due on the judgment of 1824. The terms of the plea are general and embrace all accounts and transactions between the parties down to the period of the settlement. The balance due on the judgment of 1824, must therefore have been merged in the balance of $14,000, found due upon settlement.
But it appears to us that the demand in reconvention formed a part of the issue submitted to the jury, and the verdict being for $4000 in favor of Bis-sell and wife, negatived that demand. Admitting that it might have been assigned as error that the jury took no notice of the reconvention, yet no objection was made to the form of the verdict on the appeal, and in our opinion *62 the judgment forms the authority of the thing adjudged, upon all the matters and demands set up in the pleadings.
The judgment of the district court is therefore reversed, and ours is that the injunction he dissolved, and that the defendants recover of the plaintiffs ten per cent, damages, and costs in both courts.