SUMMER v. KELLY.

1. EXCEPTIONS alleging error "in holding that there was advanced on the mortgage only $586," and because "the judgment of the court is without any testimony to support it," do not require, under the rules of this court, any consideration.

2. CHATTEL MORTGAGE—PAYMENTS.—Whenever the proceeds of sale of property covered by a chattel mortgage reach the hands of the mortgagee, in the absence of direction from mortgagor as to the application they must be credited on the mortgage debt.

3. IBID.—IBID.—SATISFACTION.—And the receipt of such proceeds, after condition broken, is a waiver by mortgagee of the forfeiture, and these pay-

---

[1] "Entitled to the possession," is what respondent's counsel claimed in his argument.—REPORTER.

ments being sufficient to pay the mortgage debt, the mortgage lien is discharged, and title to the property revests in the mortgagor.

4. Claim and Delivery—Judgment.—Where property is taken possession of by plaintiff at the time of commencing his action of claim and delivery, and the defendant denies the allegations of the complaint, but does not demand a return of the property so seized, or judgment for the value thereof, a judgment of dismissal is in proper form without any further directions.

5. Cases Criticised.—Thompson *v.* Lee, 19 S. C., 490, and Robbins *v.* Slattery, 30 *Id.*, 328, distinguished from this case.

Before Izlar, J., Fairfield, June, 1892.

This was an action by W. P. Summer and Thomas Summer, partners as W. P. Summer & Co., against Bunyan B. Kelly and Mattie E. Kelly, commenced December 18, 1890, for the recovery of certain articles of personal property embraced in a chattel mortgage by defendants to plaintiffs, which matured November 1, 1890. At the time of commencing their action, plaintiffs claimed and acquired the possession of this property under their undertaking, as prescribed by law.

*Messrs. Ragsdale & Ragsdale,* for appellants.

*Mr. Cowper Patton,* contra.

March 23, 1893. The opinion of the court was delivered by

Mr. Justice Pope. Plaintiffs sought to recover certain specific articles of personal property from the defendants, under that form of action known as claim and delivery. By their complaint they alleged the ownership in themselves of the specific articles of personal property, and that the defendants wrongfully withheld the same from them in the usual form in such cases. The answer of defendants was a denial of every allegation in the complaint. By consent, an order was made referring all the issues of law and fact to J. G. McCants, Esq. Before such referee, the plaintiffs alone testified, introducing their books as merchants. While the testimony of these witnesses appear in the "Case," copies of the entries in their books as merchants do not so appear.

The referee, by his report, held that the mortgage executed by defendants to plaintiffs, whereunder they claim title to the personal property enumerated in the complaint, was given to secure advances during the year 1890, not to exceed $650, to make crop only; that such advances amounted to $586; that the defendants paid to plaintiffs on 16th May, 1890, $150; about 20th June, 1890, $50; in November, 1890, $146.96, and during same month, $303.45; and that all these sums so paid arose from the sale of property covered by the mortgage, and that there was no agreement between the parties as to application of payments. It should be stated that the debt secured by the mortgage matured on 1st November, 1890. As conclusion of law, he found that the above payments must be applied to the payment of the amount due for advances made under the said mortgage; that the said mortgage is fully paid and satisfied; that, although the balance due on the said mortgage was paid after condition broken, yet the acceptance by the mortgagees (the plaintiffs) was a waiver of the forfeiture, and the title to the property covered by the mortgage revested in the defendants; and that the plaintiffs in the action are not entitled to the possession of the property described in the complaint.

When exceptions were taken and heard by Judge Izlar to this report of the special referee, a judgment was rendered confirming the said report, and dismissing the complaint. Whereupon the plaintiffs appealed upon the following grounds: 1. For that his honor erred in holding that there was advanced on the mortgage only five hundred and eighty-six dollars. 2. For that his honor erred in holding that the payment of $150, on the 16th May, 1890, and the payment of $50, of date the 20th June, 1890, should be applied to the amount due for advances made under the said mortgage. 3. For that his honor should have held that, upon the breach of the condition of the said mortgage, the title to all of the chattels therein described became vested in the mortgagees, and that a sale of a part of said chattels by the mortgagors, after condition broken and a return of the proceeds of such sale to the mortgagees, would not have the effect of revesting the title in the mortgagors to the unsold chattels described in the complaint, even though such proceeds

paid the mortgage debt proper, the mortgagees having an unsecured account against the mortgagors.    4. For that his honor erred in holding that the said mortgage was paid.  5. For that the judgment of the court is without any testimony to support it.  6. For that his honor erred in holding "that the defendants admit the execution of the mortgage, but set up that it was paid in full before the commencement of this action."  7. For that his honor erred in holding that the sum of $450.41, proceeds of sale of cotton covered by the mortgage, must be applied to the mortgage debt proper; whereas, he should have held, that this sum being the proceeds of cotton belonging to the plaintiffs, that they could apply the same to the payment of the unsecured account.  8. For that the judgment of his honor is not in the form required by law, in that it should have been in the alternative for the return of the property to the defendants or for the value thereof, fixing the same.

So far as exceptions 1 and 5 are concerned, under the well settled rules of this court, they will be dismissed from our further consideration.   The remaining questions raised by the grounds of appeal may be, for convenience, grouped in these propositions: *First.* Under the rules of law, how should payments, arising from a sale by a mortgagor of mortgaged property, be applied by the mortgagee? *Second.* If payments of money, arising from sale of mortgaged property by mortgagor, be made to mortgagee after a breach of the condition of the mortgage, will such payment, if in full payment of debt secured by mortgage, cancel such debt and revest the title of mortgaged property in the mortgagors? *Third.* When a complaint is for claim and delivery, and defendant contents himself with a general denial, and upon such issue joined, judgment is for defendant, not for a return of the property, or in case that cannot be done, then for its value in dollars and cents, but for a dismissal of complaint, is such judgment in the form required by law?

As to the first question, we may be permitted to say, that it has been before this court repeatedly, and with but one result. This court has never failed to hold that the proceeds of mortgaged property, whether such sale is made by mort-

gagor or mortgagee, when such proceeds reach the hands of the mortgagee, must be applied by him to the satisfaction in whole or in part, according to the amount of the payment, of the debt, or liability secured by the mortgage. *Thatcher* v. *Massey*, 20 S. C., 542; *Whilden & Co.* v. *Pearce*, 27 *Id.*, 44; *Ellis* v. *Mason*, 32 *Id.*, 277.

As to the second question. We do not hesitate to say, that this inquiry is one of considerable interest, and, under certain circumstances, not free from difficulty. But in the form in which it occurs in the case at bar, our conclusion is readily reached, that the moment the mortgage debt is paid in the way indicated, that moment the mortgage is null and void, and title to the mortgaged property revests in the mortgagor. The principle of law underlying this conclusion is that the fundamental object of a mortgage is not an absolute conveyance of property, but simply a pledge of some particular piece of property to secure the ultimate payment of some indebtedness in the future, and in case of the failure of the pledgor or mortgagor to pay the debt at the precise time of the maturing of the debt intended to be secured, in the case of chattels or personal property, the condition being broken, works a forfeiture, and as forfeitures are not protected or favored in law, any act of the mortgagee, either of voluntary postponement of the security, or any act of his whereby he shows his election to accept the payment of his debt intended to be secured by the mortgage, is made to operate as discharging the mortgage, and as revesting the title to the chattel in the mortgagor. It will be seen that the leading authors on the subject of chattel mortgages all maintain this position. Mr. Hermann, in his work on Chattel Mortgages, at page 483, says: "Thus, a demand of the amount due on the note after it becomes payable, is a waiver of the forfeiture of the mortgaged property, and the acceptance of part payment, or payment in full after the time for payment has expired, is a waiver of the forfeiture under the mortgage. *If the mortgagee, after condition broken, receive the whole money from the mortgagor, this is not only a waiver of forfeiture, but reinvests the title in the mortgagor without any formal delivery.*" (Italics ours.) Also, see sections 168 and 172 of the

same author. To the same effect, see the work on Chattel Mortgages of Mr. Jones, at section 632. We might add many other citations, but it is deemed that the foregoing are sufficient.

*Third.* The last question, it seems to us, admits of an easy solution. Unquestionably, if the defendants had demanded the affirmative relief of a return of the property to them, or in case that could not be done, then damages in lieu thereof, such damages being limited to the value of the property, then the provisions of our Code relating to and regulating the judgment as to its form in cases of claim and delivery would have applied. Instances of this last will be found in the cases of *Thompson* v. *Lee*, 19 S. C., 490; *Robbins* v. *Slattery*, 30 *Id.*, 328, in a note to *Lockhart* v. *Little*. But in the case at bar, the defendants do not ask any such affirmative relief in their answer or in their arguments. All they ask is a dismissal of the complaint. The dismissal of a complaint, or non-suit, may be asked for at any time before verdict or judgment. As was said by Mr. Justice McGowan in *Smith* v. *Grant*, 15 S. C., 146: "We do not know that there is in the trial of a case any particular time at which a non-suit must be moved for. In a trial before a jury, it is usually done when the plaintiff closes his testimony. This case was heard by the court. When the plaintiff closed his evidence, the defendant made no motion for a non-suit. The judge took the papers, and afterwards delivered his judgment, in which he ordered the complaint dismissed. If the judge's decision must be regarded as strictly the verdict of a jury, it was, in effect, a verdict for the defendant; and the form in which it was made does not alter the case."

In both the cases of *Thompson* v. *Lee*, *supra*, and *Robbins* v. *Slattery*, *supra*, the defendant asked that the property in dispute be returned to them. Herein, as before remarked, lies the distinction between those cases and the case at bar. We uphold the decisions last quoted in every particular. The case at bar is entirely distinct from them in the particular hereinbefore recited. It follows, therefore, that all the exceptions of the appellant in the case at bar must be overruled, and the judgment affirmed.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.