## 7114

### SEGARS v. SEGARS.

1. CLAIM AND DELIVERY—DAMAGES.—Although a plaintiff in claim and delivery may not have the right to recover the possession of property wrongfully seized by defendant because before suit the property had been taken from defendant by legal process, yet he would be entitled to recover damages for unlawful seizure.

2. APPEAL.—A VERDICT against "defendant" in claim and delivery against two defendants is a mere clerical error, which should have been corrected by motion to make more definite, and upon failure to make such motion this Court will not consider on appeal if a judgment entered thereon against "defendants" is irregular.

Before WATTS, J., Darlington, June, 1908. Reversed.

Action in claim and delivery by Donaldson L. Segars against William R. Segars and Daniel Morrison. From judgment for plaintiff, defendants appeal.

*Messrs. Miller & Lawson,* for appellants, cite: *Defendants had right to offer evidence in support of lawful seizure:* 4 S. C., 48; 9 S. C., 281; 61 S. C., 335; 60 S. C., 381; 63 S. C., 570; 65 S. C., 97; 60 S. C., 201. *Claim and delivery will not lie for possession of property in custodia legis:* 57 S. C., 15; 71 S. C., 3; 70 S. C., 468; 3 Ell. on Ev., sec. 2604; 24 Enc., 495; Wells on Rep., sec. 52; 8 L. R. A. (N.

S.), 216; 13 L. R. A., 408. *Defendants had right to distrain for rent:* 9 Ency., 631; 8 Rich., 24; 42 S. C., 35. *Verdict was insufficient, irregular and improper:* 47 S. C., 503; 15 S. C., 194; 11 L. R. A. (N. S.), 803.

*Messrs. Macfarlan & Thornwell,* contra. No argument furnished Reporter.

March 8, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action in claim and delivery.

The plaintiff alleges that at the time mentioned in the complaint, he was lawfully possessed of certain products of the farm described therein, and that said crops were then, and are now, the property of said plaintiff.

"That on the 10th day of October, 1907, the defendants on said lands, unlawfully took said goods and chattels from the possession of this plaintiff, under a pretensive distraint, and still unjustly detain the same to the damage of this plaintiff, in the sum of $500."

The answer of the defendants, after denying the allegations of the complaint, alleged "that on the 12th day of October, thereafter, said property was taken from defendants by the sheriff of Darlington county, said State, under and by virtue of the undertaking affidavit and requisition thereupon indorsed, in the case of H. R. Segars, as administrator, plaintiff, against Donaldson Segars, W. R. Segars and D. F. Morrison, defendants, now pending in this Court, and said property has ever since been, and still is, out of the possession and beyond the control of the defendants, or either of them."

The jury rendered the following verdict: "We find that the plaintiff is entitled to all of the property sued for in this case, and in the event that the said property has been disposed of and cannot be found, that the plaintiff recover

from the defendant the value of the property, which we find is $292.56."

The defendants appealed from said judgment.

The principal question presented by the exceptions is, whether his Honor, the presiding Judge, erred in refusing to allow the defendants to introduce testimony to sustain the allegations set out in their answer, and in directing a verdict in favor of the plaintiff, the only question submitted to the jury being as to the amount of damages which the plaintiff was entitled to recover.

The allegations of the answer show that the property was not in the possession of the defendants at the time this action was commenced, to wit, on the 14th day of October, 1907. That fact alone, however, would not be sufficient to prevent the plaintiff from recovering in an action in claim and delivery, as will be seen by reference to the authorities cited in the concurring opinion, in the case of *Holliday* v. *Poston,* 60 S. C., 103, 38 S. E., 449.

It is, however, incumbent upon the plaintiff to prove that he was entitled to the possession of the property at the time the action was commenced.

If the allegations of the answer are true, then the property was seized under a right paramount to that of the plaintiff, and would negative the allegations of his complaint that he was entitled to the possession of the property at the time of the commencement of the action.

Although plaintiff might not be able to recover possession of the property, he, nevertheless, would have the right to such damages as he sustained by reason of the unlawful seizure on the part of the defendants.

The defendants also assign as error that the verdict is irregular, in that it did not specify in whose possession the property was, there being two defendants who were not jointly bound, and there was a failure to specify against which of the defendants the verdict was

rendered. The error was evidently merely clerical. Furthermore, the defendants should have made a motion to have the verdict made definite and certain.

The defendants also contend that the judgment entered on the verdict is not in conformity therewith, in that the same is entered against the defendants, whereas but one defendant is included in the verdict.

There has been no ruling of the Circuit Court upon this question, and it is, therefore, not the subject of appeal to this Court. Furthermore, this question is disposed of by what has already been said.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded for a new trial.