## 11940

### HARRY L. HUSSMAN REFRIGERATOR & SUPPLY CO. v. CASH & CARRY GROCER, INC. *ET AL.*
### SAME v. VAUGHN

(132 S. E., 173)

1. Claim and Delivery—Verdict in Claim and Delivery, Where Counterclaim was Interposed, Finding for Plaintiff for Possession Held Sufficient Finding Against Counterclaim.—In an action in claim and delivery, wherein counterclaim for damages was filed, verdict for plaintiff for possession of the goods *held* to show intention of jury to find for plaintiff for possession of property and against counterclaim.

2. APPEAL AND ERROR—OBJECTION THAT VERDICT DID NOT PASS ON
COUNTERCLAIM SHOULD HAVE BEEN INTERPOSED AT TRIAL, AND IS
NOT PROPERLY BROUGHT ON APPEAL.—Objection that verdict did not
pass on counterclaim interposed is not properly brought on appeal,
since objection might have been made at time of trial so jury could
have been instructed to reform verdict.

3. APPEAL AND ERROR—EXCEPTION TO JUDGMENT IN REPLEVIN, ON
GROUND THAT VERDICT DID NOT ASSESS VALUE OF PROPERTY, IS NOT
PROPERLY BEFORE SUPREME COURT, WHERE NO OBJECTION WAS MADE
BEFORE JURY DISPERSED, AND MOTION FOR NEW TRIAL WAS NOT
BASED ON SUCH GROUND.—Exception to judgment for possession of
property in claim and delivery, on ground that verdict did not as-
sess value of chattel, is not properly before Supreme Court, where
no objection to verdict was made before jury dispersed, nor was
motion for new trial based on such ground.

Before MAULDIN, J., Charleston, November, 1924.   Re-
versed.

Separate actions by Harry L. Hussman Refrigerator &
Supply Co. against the Cash and Carry Grocer, Inc., and
another, and against C. A. Vaughn, in which defendants
filed counterclaims, tried together and heard together on
appeal.   From an order granting new trials to defendants,
plaintiff appeals.

*Messrs. Wm. P. Tillinghast* and *Alfred Wallace,* for ap-
pellant, cite: *Time for objecting to form of verdict:* 116
S. C., 319; 108 S. E., 94; 113 S. C., 151; 101 S. E., 832;
97 S. C., 385; 82 S. C., 198.   *What may be given in verdict:*
2 Bay, 457; 1 Am. Dec., 653.   *Effect of finding by jury for
defendant on only one of several issues:* 2 Brev., 390.   *Ver-
dicts must be given reasonable construction:* 72 Ga., 129;
73 Ga., 55.   *General verdict determines all material issues:*
84 Ind., 89; 72 N. H., 551; 4 Okla., 99; 42 Neb., 652; 1
How., 130; 17 La., 92; 47 Ky., 225; 9 Ga. App., 190; 145
N. Y. S., 142.   *Necessity for jury to assess value of prop-
erty given by verdict:* 122 S. E., 503; 42 S. C., 122; Code
Civ. Pro. 1922, Secs. 474 and 542.

*Messrs. Moffett & Hyde* and *McMillan & Heyward,* for
respondents, cite: *Jury required to assess value of prop-*

*erty given by verdict:* 128 S. C., 509; 122 S. E., 503; 32 S. C., 185; 11 S. E., 86.

March 11, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

These two actions were tried together in the Circuit Court, and the appeals were heard together in this Court. They involve precisely the same questions, and a determination of the appeal in the first case will be decisive of both.

The appeal is from an order granting a *partial* new trial upon the motion of the defendants, under the circumstances which will be detailed.

The plaintiff brought an action in claim and delivery for the possession of a described refrigerator, which it had sold to the defendants, taking a chattel mortgage thereon to secure the remainder of the purchase price. The plaintiff gave bond and took possession of the refrigerator; the defendants did not exercise their right of delivery under Section 474 of the Code. The defendants answered, setting up two defenses: (1) A denial of the important allegations of the complaint, and (2) a counterclaim based upon the alleged right to rescind the contract of purchase; the damages claimed being composed of the cash paid, $764.00, and the expense of installation and freight, $550.38—total $1,-314.38. In the counterclaim, the purchase of the refrigerator and the execution of a note secured by a mortgage upon it for the remainder of the purchase price were admitted. It contained an offer to return the refrigerator upon being reimbursed for the money paid upon the same.

The "case" contains the following statement:

"The defendant's counsel announced in open Court, at the commencement of the two above-entitled actions, that the defendants admit that they executed the chattel mortgages referred to in the complaints, and admit that plaintiff in

both cases was the owner and holder of said chattel mortgages on the property described in the complaint."

The presiding Judge fully and correctly charged the law applicable to the case, and clearly stated the issues, particularly upon the counterclaim of the defendants, charging that, if the plaintiff had breached the contract and the defendants suffered damage, they were entitled to recover upon their counterclaim. The jury rendered the following verdict: "We find for the plaintiff possession of the goods"—which was indorsed upon the summons. In the second case the verdict was the same, and, in addition, there appeared upon the answer: "We find for the plaintiff." This was not signed by the foreman, and was not published with the other. Neither party made any objection to the verdict as rendered nor a motion to have it reformed.

The defendants made a motion for a new trial. The grounds for that motion are not displayed in the record for appeal, and we can only know what they were from the order of the Circuit Judge. This order was, in effect, an order for a new trial upon the counterclaim interposed by the defendants, upon the ground that it did not appear from the verdict that the jury had passed upon it, leaving, we assume, the verdict to stand so far as the right of the plaintiff to recover possession of the chattel was concerned.

We think that the verdict sufficiently shows the intention of the jury to find in favor of the plaintiff for the possession of the property and against the defendants upon their counterclaim. If the defendants had entertained the objection to the form of the verdict which they now interpose, we have no doubt that upon the announcement of it the jury would have been instructed to reform it, and would have reformed it, as above suggested. The defendants had no right to remain silent under the apprehension that the irregularity might be corrected against their interest and afterwards complain of it.

In *Bethea v. Telephone Co.,* 81 S. E., 675; 97 S. C., 385, the Court said:

"The alleged irregularity did not involve the merits, but merely pertained to the rules of procedure. In such cases the irregularity must be called to the attention of the Court at the earliest opportunity; otherwise it will be deemed to have been waived. (Cases cited.) That was not done in this case. The appellant, instead of making its objection to the form of the verdict as soon as it was read, waited until the jury separated, and then urged the alleged irregularity as a ground for a new trial. This was too late."

In *Segars v. Segars,* 63 S. E., 891; 82 S. C., 196, it is said:

"The defendants also assign as error that the verdict is irregular, in that it did not specify in whose possession the property was, there being two defendants who were not jointly bound, and there was a failure to specify against which of the defendants the verdict was rendered. The error was evidently merely clerical. Furthermore, the defendant should have made a motion to have the verdict made definite and certain."

In *Rhame v. City of Sumter,* 101 S. E., 832; 113 S. C., 151, it is said:

"While the verdict is unusual, no effort was made to correct it before the jury had separated. His Honor would have done so had he been requested to find out just what the jury meant, and had the verdict reformed. * * * The defendants' counsel made no attempt to find out what the jury intended, and their objections came too late. It was their business to clarify and ask for a correction and reformation of verdict before the jury were discharged."

In *McAlister v. Thomas,* 108 S. E., 94; 116 S. C., 319, it is said:

"It was the duty of the defendant's attorney to call attention to the form of the verdict, when it was published.

By failing to do so he waived the right to raise the question presented by this exception."

Besides, the authorities appear to hold that, when there are several issues in the case submitted to a jury under full instructions, a general verdict in favor of one or the other of the parties, in the absence of objection to the verdict not having passed upon the several issues separately, will be held to have concluded all the issues.

In 27 R. C. L., 855, it is said:

"Thus a general verdict is sufficient in an action of assumpsit without finding specifically on a plea of set-off or payment."

In 38 Cyc., 1890, it is said:

"Upon a general denial and counterclaim pleaded, a general verdict for plaintiff is sufficient to dispose of both issues."

In *Guthrie v. Brown*, 60 N. W., 939; 42 Neb., 652, it is held:

"When a defendant answers, denying the allegations upon which plaintiff's claim is founded, and at the same time pleading a counterclaim, a general finding for the plaintiff is sufficient to dispose of the issues both on the petition and on the counterclaim."

In *Erwin v. Bissell*, 17 La., 92, it is held:

"No separate judgment is necessary on a reconventional demand. Where it springs from the basis of plaintiff's cause of action, a verdict for one party is necessarily a verdict against the other. Defendant, if he wish a special finding on the demand, must ask for it before the verdict is recorded."

In *Harris v. Tiffany*, 47 Ky. (8 B. Mon.), 225, it is held:

"A general finding for the plaintiff is a valid finding by the jury, although set-off be pleaded; the general finding for the plaintiff being, in effect, a rejection of all set-off."

In *Heiferman v. Greenhut Cloak Co.*, 145 N. Y. S., 142; 83 Misc. Rep., 435, it is held:

"A general verdict for plaintiff is a determination against all matters of defense set up by defendant."

We think for these reasons the order for a new trial was erroneous.

The defendants have filed an exception to the judgment in favor of the plaintiff for the possession of the property, upon the ground that the verdict did not assess the value of the chattel. It does not appear that the defendant made any objection to the form of the verdict which might have been corrected before the jury dispersed, nor that their motion for a new trial was based upon such ground. The matter for these reasons is not properly before the Court; but, if it had been, we do not think that the point could have been sustained. It does not come within condition 1, referred to in *Wilkins v. Willimon,* 122 S. E., 503; 128 S. C., 509, for the reason that the defendants in their answer did not claim a return of the property. It would appear a useless formality that the jury under the circumstances should assess the value of chattel which was already in the possession of the plaintiff. Although, however useless it may appear, it is made mandatory by the statute where under the circumstances detailed in condition 1, the defendant by his answer claims a return of the property. So far from claiming a return of the property, the defendants by their counterclaim set up damages resulting from rescission of the contract and offered to allow the plaintiff to take and keep it.

. The judgment of this Court is that the order for a new trial in each of the cases above entitled be reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, BLEASE, and STABLER concur.