19271

PHILLIPS REFRIGERATION COMPANY, Appellant, v.
COMMERCIAL CREDIT COMPANY, Respondent

(188 S. E. (2d) 330)

E. Lee Morgan, Jr., Esq., Hyman, Morgan, Brown & Blalock, of Florence, for Appellant,

R. Cogburn Hewitt, Esq., of Florence, for Respondent.

August 18, 1971.

BRAILSFORD, Justice.

In this action by Phillips Refrigeration Company against Commercial Credit Company, the complaint is upon two causes of action. The first pleads an express contract, by which Phillips allegedly stored equipment for Commercial, commencing February 28, 1968, at a monthly charge of $50.00, which was unpaid from the beginning of the term to the commencement of the action, in the sum of $1,100.00. The second cause of action alleges that Commercial is indebted to Phillips in the sum of $1,549.00 for services in picking up, transporting and repairing certain equipment seized by Commercial from Hughes Market in February, 1968, and for similar services with respect to equipment seized by Commercial from King's Cleaners in September and October, 1968, and for services in installing certain equipment in two other establishments. The complaint merely alleges that "the defendant owes to the plaintiff the below stated and described indebtedness for labor, repairs, material and mileage." There is no allegation that such services were performed and materials furnished at the instance and request of Commercial.

By its answer Commercial denied having contracted to pay any storage charge or fee to Phillips, as alleged in the

first cause of action. As to the second cause of action, Commercial admitted that Phillips picked up from Hughes Market and repaired certain equipment, but alleged that he was to be paid "from the sale of said units which the plaintiff also agreed to sell * * *." With respect to King's Cleaners, Commercial alleged that Phillips "volunteered to remove the chattels (from this establishment) on a commission basis * * *," and Commercial had no knowledge of any charge therefor. Commercial also denied that it owed Phillips for any services rendered in connection with the other two establishments referred to in the complaint.

At the conclusion of plaintiff's testimony, the trial judge granted Commercial's motion for a nonsuit, stating as his reasons therefor that there was no evidence to establish the contract declared upon in the first cause of action; and that the only reasonable inference from the testimony was that Phillips handled the equipment referred to in the second cause of action "on a basis of profit—probable profit for the plaintiff. He was doing it on a commission basis and not as an employee, or agent, or servant, or in any way connected with Commercial Credit Company * * *." Phillips appealed upon eleven exceptions, of which nine and ten have been expressly abandoned.

With more than a little justification, the trial judge characterized Phillips' testimony as "full of contradictions, evasions, ambiguities * * *." The transcript of it is a woefully confusing hodgepodge which defies summarization. The appeal can best be disposed of by considering the remaining exceptions *seriatim*.

The first three exceptions are mere general complaints that the court erred in granting a nonsuit. They do not discriminate between the causes of action, and, in effect, merely assert that the evidence was sufficient to require submission of the case to the jury. This description is equally applicable to exceptions six and seven. These five exceptions completely disregard Rule 4, Section 6 of the

Rules of this Court, and are entirely too vague and indefinite to require consideration by us.

The fourth exception charges that the court erred in concluding that "there was no evidence that there was any agreement as to a charge of rental, whereas the record supports ample evidence of an agreement upon which a jury could pass."

This exception finds no support in the record which is devoid of evidence that the parties agreed upon the payment of a rental or storage charge. Plaintiff asserts in its brief that "at least a *quantum meruit* type of lease arrangement" was established. It is more accurate to state that at *most* the testimony would support a finding that plaintiff stored certain of defendant's property at its request, which, upon appropriate *allegata* and proof of reasonable value (of which there was no semblance), would support a recovery on *quantum meruit*. However, this point is not raised by any exception. Furthermore, there could be no recovery on *quantum meruit* without amendment of the complaint,* which was never sought.

We next consider the fifth exception: "That His Honor erred in holding that the only reasonable conclusion in connection with plaintiff's Second Cause of Action was that the work done was on the proposition that the plaintiff was acting on a commission basis, the error being that the testimony is susceptible of other conclusions from which the jury could find, to wit: That the defendant agreed to pay plaintiff for its work and after deducting any sums due to the defendant, then plaintiff and defendant would divide the profit, if any." We have searched with care for testimony of the tenor referred to by this exception. Only that of plaintiff with reference to the King's Cleaners equipment bears any resemblance to it.

---

* "It has been repeatedly held in this state that a plaintiff may not count in his complaint upon an express contract and recover upon an implied contract." *Howard & Foster Co. v. Citizens' Nat. Bank,* 133 S. C. 202, 130 S. E. 758, 763 (1925), and cited cases; 6 West's South Carolina Digest, Contracts, 346(12) (1952).

First, we quote from Phillips' testimony on cross-examination:

"Q. Well, that's—all of this King's Cleaner stuff though, was at your, voluntary—(interruption).

"A. On my voluntary basis with a fifty-fifty percent commission, yes, sir.

"Q. In other words, they were—there was no agreement that they would pay you and then whatever was made over and above that—

"A. They were to pay me fifty percent of the price that the equipment brought. This was our agreement as I stated awhile ago."

On redirect-examination, upon being asked whether his response on cross "was the sole agreement with reference to the proceeds you were to get out of the equipment," Phillips stated:

"A. No, sir. Anything that I sold—anything that was sold of the King equipment—the equipment from the King Cleaners, we would split fifty-fifty. Then we would deduct before it was split, the expenses of removing this stuff and hauling it and storing it. This was to be the expenses and this was to be deducted and then we agreed to split the balance fifty-fifty."

Then, on recross-examination, Phillips put his understanding of the agreement with defendant yet another way:

"A. My understanding was this way, Sir: that we were to deduct the labor and the expenses we went to from that, plus the balance owing on this said piece of equipment, then we were to split a fifty-fifty balance left. This was my understanding. Commercial Credit was to deduct the balance owing on their equipment, the mortgage they had on X number of pieces of equipment. I was to deduct my labor, etc., for moving and storing it, and then we were to split it fifty-fifty the balance of it. This was my understanding.

"Q. Well, now that wasn't what you told me at first, was it?

"A. I don't recall, Sir. I don't mean to back up or anything, but this was my understanding that they were to deduct what was owing them, and I was to deduct what was owing me, and then we were to split the balance fifty-fifty."

The error charged by this exception is without support in the record, which contains no testimony from which the jury could find "(t)hat the defendant agreed to pay plaintiff for its work and after deducting any sums due to the defendant, then plaintiff and defendant would divide the profit, if any." We add that plaintiff made no effort to establish an amount due him by defendant under the special contract to which he testified.

The eighth exception charges that the court erred in entertaining the motion for a nonsuit after defendant (while cross-examining the plaintiff) had introduced two exhibits into evidence. The exception is without merit. "The usual time for such motion is when the plaintiff closes his evidence in chief, but it is not beyond the power of the judge, charged with the control of the conduct of the cause, to entertain such a motion, even at the close of the whole evidence for both sides, since there is no particular time in the trial of a case when a motion for nonsuit *must* be made. *Smith v. Grant,* 15 S. C. 136, 146; *Summer v. Kelly,* 38 S. C. 507, 512, 17 S. E. 364. * * *" *Gandy v. Orient Insurance Co.,* 52 S. C. 224, 226, 29 S. E. 655 (1898).

The final exception complains of error in excluding as irrelevant testimony as to a motorcycle "stored allegedly by defendant at plaintiff's place of business." It need not be considered because this testimony, if admitted, would not have militated against the grounds on which the nonsuit was granted.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.