20594

Ann W. ANDERSON, as Administratrix of the Estate of Edwin Bruce Anderson, Respondent, v. Edward Steve WEST and Geer Drug Company, Inc., a corp., of whom Geer Drug Company, Inc., a corp., is Appellant.

(241 S. E. (2d) 551)

*Love, Thornton, Arnold & Thomason,* of Greenville, and *Harry M. Lightsey, Jr.,* of Columbia, *for Appellant,* ■

186

*Horton, Drawdy, Marchbanks, Ashmore, Chapman, and Brown,* of Greenville, *for Respondent,* 

February 7, 1978.

NESS, Justice:

This wrongful death action was brought on behalf of E. Bruce Anderson's widow and three minor children against Edward Steve West and Geer Drug Company, Inc. Geer appeals from a $200,000.00 verdict rendered against both defendants. We affirm.

Anderson was killed as a result of a collision occurring at an intersection in the town of Clemson on January 5, 1976. Anderson's Datsun automobile was stopped in the curb lane in obedience to a red light when it was struck from behind by a Ford van driven by West. A police vehicle from the town of Clemson was stopped in the left turn lane for the red light. The middle lane was vacant.

Respondent sought recovery on two theories. The complaint alleged West was the agent, servant and employee of Geer and was operating the van in a reckless, willful and wanton manner. Next, in the event West was found to be an independent contractor, respondent alleged Geer was negligent in selecting West inasmuch as the latter had an unusually poor driving record. The verdict was a general one; it did not specify which theory of liability was relied on by the jury.

Appellant initially asserts the only reasonable conclusion to be drawn from the evidence as a whole is that West was not a servant of Geer but rather an independent contractor. We believe there was sufficient evidence to submit the question of West's employment status to the jury.

Appellant Geer is a wholesale distributor of drugs to a large number of retail druggists in the Carolinas and Georgia. In 1973 Geer entered into a contract with West whereby it agreed to pay him a mileage rate for daily delivery to approximately 150 of Geer's customers. West purchased several vans and hired a number of drivers to assist him in this work.

Although there is evidence tending to indicate West was an independent contractor, evidence also exists to establish he was Geer's servant. The proper test to be applied is not the actual control exercised by the alleged master, but "[w]hether there exists the right and authority to control and direct the particular work or undertaking, as to the manner or means of its accomplishment." *Hutson v. Herndon,* 243 S. C. 257, 263, 133 S. E. (2d) 753, 756 (1963); *Brabham v. Southern Asphalt Haulers, Inc., et al.,* 223 S. C. 421, 76 S. E. (2d) 301 (1953).

In paragraph one of the written contract between West and Geer (Tr. 252), West agreed to transport merchandise "subject to the directions of Shipper." Paragraph four provides that "merchandise shall be delivered in accord with

instructions of the Shipper." Paragraph nine provides that "carrier will perform transportation service along such routes and to such delivery points as are named by Shipper . . ." Paragraph ten provides that the contract may be cancelled by Shipper on five days notice, but the carrier, West, could cancel only upon thirty days notice.

In determining the sufficiency of the evidence, the Court should consider such in the light most favorable to respondent's case. *Cooper v. Graham,* 231 S. C. 404, 98 S. E. (2d) 843 (1957). So viewing the evidence, the written contract alone is susceptible of the inference that Geer had the right to control West. Where the evidence warrants a reasonable inference that the master-servant relationship exists, the issue should be submitted to the jury. *Norris v. Bryant, et al.,* 217 S. C. 389, 60 S. E. (2d) 844 (1950); *Bates v. Legette,* 239 S. C. 25, 121 S. E. (2d) 289 (1961). Appellant's exception on this ground is without merit.

Appellant raises numerous exceptions relating to the issue of Geer's negligent selection of West, such as the admission of certain evidence to demonstrate West's unfitness as a driver. However, appellant does not except to the submission of the theory of negligent selection to the jury. Therefore, should we find the disputed evidence to have been properly admitted, the theory of negligent selection would become the law of the case.

We hold that where a jury returns a general verdict involving two or more issues and its verdict is supported as to at least one issue, the verdict will not be reversed. We do not reach the remaining exceptions, however, because of the general verdict rendered by the jury. 76 Am. Jur. 2d Trial, § 1149; 5 Am. Jur. 2d, Appeal & Error, § 787; 89 C. J. S. Trial, §§ 485(b) and 502. See also *Aaronson v. New Haven,* 94 Conn. 690, 110 A. 872, 12 A. L. R. 328 (1920); *Potter v. Baker,* 162 Ohio 488, 124 N. E. (2d) 140, 53 A. L. R. (2d) 1234 (1955).

This Court indicated its adherence to the "two-issue rule" in *Hussman Refrigerator & Supply Company v. Cash &*

*Carry Grocer, Inc., et al.,* 134 S. C. 191, 132 S. E. 173 (1926). We stated therein:

"[w]hen there are several issues in the case submitted to a jury under full instructions, a general verdict in favor of one or the other of the parties, in the absence of objection to the verdict not having passed upon the several issues separately, will be held to have concluded all the issues." 134 S. C. at 196, 132 S. E. at 174.

Accordingly, since we hold there was sufficient evidence of the existence of a master-servant relationship to warrant submission of that issue to the jury, it is unnecessary to consider the exceptions regarding negligent selection. Even if we were to find error, application to the "two-issue rule" would require affirmance.

Affirmed.

LITTLEJOHN, RHODES and GREGORY, JJ., concur.

LEWIS, C. J., concurs in result.

LEWIS, Chief Justice, concurring in result.

Since, in my opinion, the exceptions present no ground for reversal of the judgment, I find it unnecessary to base affirmance upon the "two-issue rule" adopted in the majority opinion. I, therefore, limit my concurrence to the result.