22422

BLACKBURN AND COMPANY, INC., Respondent v. William G. DUDLEY, III, and KTM Broadcasting Company, Inc., Appellants.

(338 S. E. (2d) 151)

Supreme Court

*William H. Grimball* of *Grimball & Cabaniss*, and *Gedney M. Howe, III*, Charleston, *for appellants.*

*Arnold S. Goodstein* of *Goodstein & Goodstein*, North Charleston, *for respondent.*

Heard Nov. 18, 1985.

Decided Dec. 11, 1985.

*Per Curiam:*

This case involves a claim for a brokerage commission. The jury returned a general verdict of $93,900. We reverse and remand for a new trial.

## FACTS

William G. Dudley, III, (Dudley) owned KTM Broadcasting Company, Inc. (KTM). KTM's assets consisted of two radio stations in Charleston County.

In November, 1981, Dudley employed Blackburn and Company, Inc. (Blackburn) as exclusive agent in the sale of KTM.

The written contract provided Blackburn would receive a 5% commission if a purchaser were produced within the life of the agreement, and a sale were consummated within 90 days of the termination thereof.

In April, 1982, Blackburn wrote a letter terminating its "exclusive representation" in the sales effort. However, it continued to follow up on prospects it had introduced prior to April, 1982. One of these prospects, Marcocci, purchased KTM in January, 1983.

Blackburn's complaint alleged a breach of the November, 1981, contract. At trial, Blackburn introduced evidence that the April, 1982, letter simply changed the exclusive provision of the contract to one of non-exclusive representation, and did not terminate the contract. Dudley countered that this letter was a termination.

In addition to the law of express contract, the trial judge charged the following:

> [I]f, after the time limit of a contract or agency has expired, the broker continues his efforts with seeming approval of the principal who, by his conduct, appears to recognize the agency as subsisting, it may be inferred either that the principal has *extended the time* within which he is willing to pay the stated commission or that the principal agrees to pay the broker a *reasonable compensation* for subsequent successful effort of the broker. [Emphasis supplied.]

Dudley objected to this charge as one on waiver and *quantum meruit.* He argues that since neither of the theories was pled, these issues were improperly submitted to the jury.

At no time did Blackburn move to amend its complaint to conform to the proof so as to include causes of action based on waiver and *quantum meruit.*

### ISSUE

Although Dudley presents several issues for review, under the view we take of the case the following is determinative:

Whether one may recover under a cause of action not included in the pleadings.

### DISCUSSION

A plaintiff may not have a complaint upon an express contract and recover upon an implied contract or *quantum meruit. Phillips Refrigeration Co. v. Com-*

*mercial Credit Co.*, 256 S. C. 500, 183 S. E. (2d) 330 (1971). This is a rule of pleading based upon the principle that a plaintiff who has pled one theory should not be allowed to recover upon another. *Hutson v. Stone*, 119 S. C. 259, 112 S. E. 39 (1922). A defendant is entitled to notice of the type of claim to which he is required to respond *Birlant v. Cleckley*, 48 S. C. 298, 26 S. E. 600 (1897). A judgment must be in accord with the pleadings of the party in whose favor it is rendered, or it is fatally defective. *Brockington v. Lynch*, 119 S. C. 273, 112 S. E. 94 (1922).

Blackburn contends that even if the charge were improper, the jury's general verdict may be sustained under the "two issue" rule. It cites *Anderson v. West*, 270 S. C. 184, 241 S. E. (2d) 551 (1978) in which we held that even if there were error in allowing an issue to go to the jury, application of the two issue rule requires affirmance where there is sufficient evidence under one theory to submit the case to the jury.

However, we hold that a plaintiff may not have benefit of the "two issue" rule where an issue submitted to the jury is not included in the pleadings. Because of his failure to move for amendment of his complaint to conform with the proof, Blackburn was not entitled to a jury charge on waiver and *quantum meruit*. Under *Brockington*, the judgment is fatally defective.

It cannot be determined whether the jury's general verdict was based upon one of the causes of action not pled. Accordingly, we reverse and remand for a new trial with leave to amend the pleadings.

Reversed and remanded.