**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Paulo L. Zortea, Appellant,

v.

Anne C. Zortea n/k/a Anne C. Spearman, Respondent.

Appellate Case No. 2015-000225

_____

Appeal From Spartanburg County
Kelly Pope-Black, Family Court Judge

_____

Unpublished Opinion No. 2017-UP-281
Heard March 8, 2017 – Filed July 12, 2017

_____

**AFFIRMED IN PART AND VACATED IN PART**

_____

Richard H. Rhodes and William Hardwick Rhodes, both of Burts Turner & Rhodes, of Spartanburg, and Scarlet Bell Moore, of Greenville, for Appellant.

Vanessa Hartman Kormylo, of Vanessa Hartman Kormylo, P.A., David Michael Collins, Jr., of Collins & Chryst, P.C., and Charles Grant Varner, of Varner & Segura, all of Greenville, for Respondent.

_____

**PER CURIAM:** Appellant Paulo L. Zortea (Father) argues the family court erred by awarding Respondent Anne C. Spearman (Mother) custody of their child

(Child) because Father was Child's primary caretaker, Mother made decisions not in Child's best interest, and the weight of the evidence showed the family court should have awarded custody to Father. Father also claims the family court erred by awarding attorney's fees to Mother, restricting Father's travel, restricting the parties' ability to make well check calls to Child's school, and requiring Father to pay "a substantial portion" of the guardian ad litem's fees. We affirm the family court's order regarding custody, attorney's fees, and guardian ad litem's fees. We vacate the portions of the family court's order restricting Father's ability to travel to Brazil with Child and the restriction on both parties from calling Child's school.

In appeals from the family court, the appellate court's standard of review is de novo, and it "has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." *Lewis v. Lewis*, 392 S.C. 381, 384, 386, 709 S.E.2d 650, 651, 652 (2011). Even though we retain the authority to make factual findings, we recognize the family court is in a superior position to make credibility determinations. *Id*. at 392, 709 S.E.2d at 655. "Moreover, consistent with our constitutional authority for de novo review, an appellant is not relieved of his burden to demonstrate error in the family court's findings of fact." *Id*. (emphasis omitted). Accordingly, we will affirm the family court's factual findings unless the appellant shows the preponderance of the evidence is against the family court's findings. *Id*.

We affirm the family court's order regarding custody because Father failed to carry his burden of showing the family court erred by finding there was no change in circumstances warranting a change in custody. The changes alleged by Father were insufficient to warrant a finding that Child's best interest would have been served by changing custody. *See Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) (explaining that because the child's best interest "is the overriding concern," the party seeking a change in custody must show "(1) there has been a substantial change in circumstances affecting the welfare of the child and (2) a change in custody is in the overall best interests of the child"); *Spreeuw v. Barker*, 385 S.C. 45, 59, 682 S.E.2d 843, 850 (Ct. App. 2009) ("[T]he totality of circumstances unique to each particular case constitutes the only scale upon which the ultimate decision can be weighed."); *Watson v. Poole*, 329 S.C. 232, 237, 495 S.E.2d 236, 239 (Ct. App. 1997) (noting the party seeking a change in custody has the burden of proof before the family court).

Father claimed there was a change in circumstances based generally on (1) increased animosity between Father and Mother, (2) Mother's dating habits, (3) Mother's marriage to Stepfather, (4) Mother and Stepfather's plan to move to

Anderson, (5) Mother's changing employment status and financial mismanagement, and (6) Mother's failure to act in Child's best interest. After thoroughly reviewing the record and considering Father's arguments and in light of the totality of circumstances specific to this case, we find these changes do not support Father's assertion that Child's best interest would be better served by a change in primary custody. Thus, we affirm the family court's custody determination.

We also affirm the family court's award of attorney's fees in the amount of $40,000 to Mother. The family court did not err by finding Mother was entitled to an award of attorney's fees. *See E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992) (explaining the factors to consider when determining whether a party is entitled to an award of attorney's fees include "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living"). Mother's attorneys achieved beneficial results because the family court continued the prior custody arrangement in Mother's favor and Mother prevailed on which school Child would attend. Although both parties had the ability to pay, the parties had significantly disparate financial conditions. Father's financial resources substantially outweighed Mother's. There was little direct evidence in the record going to the effect of paying attorney's fees on the parties' standards of living. However, considering Father's substantial assets compared to Mother's much more modest assets, it is reasonable to find Mother's standard of living would be significantly more impacted without an award of attorney's fees. Thus, after considering the appropriate factors, we find the family court did not err by finding Mother was entitled to an award of attorney's fees.

Further, we find the family court did not err by issuing an award of $40,000 in attorney's fees. *See Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (noting the family court should consider the following additional factors to determine a reasonable amount for an award: (1) the nature, extent, and difficulty of the case, (2) the time necessarily devoted to the case, (3) professional standing of counsel, (4) contingency of compensation, (5) beneficial results obtained, and (6) customary legal fees for similar services). This was a highly contested, difficult case involving two parties devoted to obtaining primary custody and decision making power over Child. Mother's total attorney's fees of $62,304 were reasonable considering Father spent $58,989. As noted above, Mother's attorneys obtained beneficial results. Also, Mother's attorneys charged lower hourly rates than Father's attorney, and Mother's attorneys' assertions that their rates were consistent with other attorneys of similar standing were

uncontradicted.  Thus, factors one, two, three, five, and six of the *Glasscock* factors weigh in favor of the family court's attorney's fees award, and the family court's award of $40,000 to Mother was not error.  Thus, we affirm the amount of the attorney's fees award.

Additionally, we affirm the family court's allocation of guardian ad litem's fees. *See Hollar v. Hollar*, 342 S.C. 463, 479, 536 S.E.2d 883, 891 (Ct. App. 2000) (explaining the same equitable considerations that apply when considering an award of attorney's fees apply when considering an award of guardian ad litem's fees).  Based on the factors discussed above, the family court did not err in its allocation of guardian ad litem's fees.  We disagree with Father's contention that the family court erred by relying on a prior order of the family court when allocating guardian ad litem's fees.  Even if it were error to do so, there is no basis in the family court's final order from which we can deduce the family court relied on a prior order.  When allocating guardian ad litem's fees, the final order makes no reference to a prior order.  Accordingly, we affirm the family court's allocation of guardian ad litem's fees.

However, we vacate the portion of the family court's order restricting Father from traveling to Brazil with Child because the parties did not raise this issue in their pleadings and it was not tried by express or implied consent.  *See Blackburn & Co. v. Dudley*, 289 S.C. 415, 418, 338 S.E.2d 151, 152 (1985) ("A defendant is entitled to notice of the type of claim to which he is required to respond."); *id.* ("[A] plaintiff who has pled one theory should not be allowed to recover upon another."); *Armstrong v. Collins*, 366 S.C. 204, 227–28, 621 S.E.2d 368, 380 (Ct. App. 2005) (explaining even if a party neglects to include an issue in its pleadings, that party may move to amend its pleadings, even following trial, when issues not pled are tried by express or implied consent of the parties).

Mother's pleadings failed to raise the issue of restricting Father's ability to travel to Brazil with Child.  Also, Mother failed to request an amendment to her pleadings at any time during or after the trial, and thus, Father did not expressly consent to amendment of the pleadings.  Additionally, Father did not give implied consent to an amendment regarding travel to Brazil.  Despite some limited testimony regarding Brazil, Father did not give implied consent to try the issue of whether the family court should restrict his travel with Child because there is no evidence in the record to suggest Father recognized this was an issue during trial.  *See id.* at 228, 621 S.E.2d at 380 ("However, implied consent will not be found if all the parties did not recognize it as an issue at trial, even if evidence in the record exists to support the amendment.").  Thus, this issue was not properly before the family

court, and it erred by restricting Father's ability to travel to Brazil with Child. We vacate this portion of the family court's order. If there is concern about Child traveling to Brazil, nothing prevents Mother from filing a future action properly raising this as an issue.

Also, we vacate the portion of the family court's order that restricts the parties' ability to make well check calls to Child's school because there is no evidence in the record to support such a restriction. Although there was testimony from Child's teachers that Father frequently contacted the school to check on Child, there was no evidence Father's actions burdened or were detrimental to the school or Child's best interest. Accordingly, there was no basis for the family court to restrict the parties' ability to make well check calls to Child's school, and we vacate this portion of the family court's order.

Based on the foregoing, we affirm the family court's custody determination, the award and amount of attorney's fees, and the allocation of guardian ad litem's fees. However, we vacate the portions of the family court's order restricting Father's ability to travel to Brazil with Child and the parties' ability to make well check calls to Child's school.

**AFFIRMED IN PART AND VACATED IN PART.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**